PER CURIAM.
In this direct criminal appeal, appellant’s appointed counsel has filed an Anders[1] brief, stating that he can discern no good faith basis for arguing that reversible error occurred in the trial court. Based on our careful review of the record, we confess some uncertainty as to whether appellant’s plea in this case was to attempted robbery with a weapon, a second-degree felony, or to attempted robbery, a third-degree felony. If the plea was to the latter offense, the written judgment and sentence adjudicating appellant guilty of attempted robbery with a weapon and imposing a sentence in excess of five years constitutes a fundamental error. See Johnson v. State, 710 So.2d 715 (Fla. 1st DCA 1998).
In response to our request for supplemental briefing on this issue, counsel for appellant candidly acknowledges that in *977 light of contradictions inherent in the written plea agreement and the plea colloquy, he is unable to argue in good faith that fundamental error occurred. We are likewise unable to reach that conclusion based on the state of the record before us. Accordingly, we affirm the judgment and sentence without prejudice to appellant’s right to pursue this issue in a postconviction proceeding, if indeed his intent was to enter a plea to an offense other than the one identified in the written judgment and sentence.
WEBSTER, DAVIS and BENTON, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).